IN THE UNITED STATES DISTRICT COURT,
NORTHERN DISTRICT OF OHIO,
WESTERN DIVISION

| | |
|---|---|
| United States of America, | Case No. 3:21-cr-0218-01 |
| Plaintiff, | Judge James G. Carr |
| v. | **ORDER** |
| Victor Fierro, | |
| Defendant. | |

Pending is the Defendant's Motion to Reduce Sentence under Amendment 821 to the Sentencing Guidelines**.** (Doc. 75). In accordance with this Court's Order, after filing the Motion *pro se,* the matter was referred to the Federal Public Defender's Office (FPD) for review. N.D. Ohio General Order 2023-20, ¶I (11/21/2023). Under this Order, the FPD has the right to file a supplemental motion in support of a *pro se* defendant's request. *Id.* ¶V. The FPD filed a Notice of No Intent to Supplement (Doc. 77). The Government filed a Response in Opposition. (Doc. 78).

For the reasons that follow, I deny the Defendant's Motion.

## Background

On November 18, 2021, Defendant, facing three drug related offenses, pled guilty to Conspiracy, and in exchange, the Government dismissed two Counts – Possession with Intent – and Use of a Communications Facility. (Doc. 40). At the time of sentencing, Defendant's Total Offense Level was a 25. (Doc. 50, pgID 406-7). With 15 Criminal History Points, his Criminal History Category was a VI. (*Id.* at 409-12). This put Defendant's Guideline Range at 110-137 months, but the statutory minimum sentence was 120 months. (*Id.* at 418). Defendant was sentenced to the mandatory minimum on April 12, 2022. (Doc. 54).

**Discussion**

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision provides for one (versus two) status point for those with seven or more points and zero (versus one) points for those presenting with six or under.

Though Defendant seeks relief under this change, he would still have fourteen (14) criminal history points; thus, his Criminal History Category remains unchanged. Furthermore, because Defendant received the minimum statutory sentence of 120 months, he is not eligible for relief under Amendment 821.

**Conclusion**

Simply put, Amendment 821 does not affect Defendant's Guideline Range. Furthermore, having received the mandatory minimum sentence, his sentence may not be reduced.

For the foregoing reasons, it is hereby

ORDERED THAT:

The Defendant's Motion to Reduce Sentence (Doc. 75) be, and the same hereby is, **denied**.

So ordered.

/s/ James G. Carr
Sr. U.S. District Court Judge
DATE: 5/17/2024